# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

FRANK A. TUCKER, JR.,

    Debtor.

Case No. 05-34088-DHW
Chapter 13

## MEMORANDUM OPINION

Before the court is the renewed motion of the Internal Revenue Service ("IRS") to dismiss this chapter 13 case for want of jurisdiction. In particular, the IRS contends that the debtor's noncontingent and liquidated unsecured debt exceeds the limit established for chapter 13 debtors under 11 U.S.C. § 109(e).

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring title 11 matters to the Bankruptcy Court. Further, because this is a core proceeding under 28 U.S.C. 157, the court's jurisdiction extends to the entry of a final order or judgment.

### Facts

The relevant facts are undisputed. Frank A. Tucker, Jr. filed this chapter 13 case on October 16, 2005. Tucker's chapter 13 plan was confirmed on January 18, 2006. The plan provides for payment of a $1 priority claim of the IRS.

The IRS filed an unsecured proof of claim in the amount of $748,516.77. The claim is based on assessments against the debtor for income taxes, interest, and penalties for the 2000, 2001,

2002, and 2004 tax years.[1] As of October 16, 2005, the date of his bankruptcy filing, the assessments totaled $748,516.77.

On February 10, 2006, the debtor filed a complaint (Adv. Proc. No. 06-03032) against the IRS requesting, *inter alia,* a determination of his tax liability pursuant to 11 U.S.C. § 505. The complaint states that he was a partial owner of two limited liability companies. The accountant for the companies prepared the tax returns with the assistance of the managing member. Allegedly, these returns "[w]ithout foundation or basis . . . attributed large sums of income to the Plaintiff and failed or refused to allocate appropriate losses to the Plaintiff." *See* Plaintiff's Complaint (Doc. #1) ¶ 13. Hence, through this adversary proceeding, the debtor is contesting the amount of his liability to the IRS.

Conclusions of Law

In order to be a debtor in a chapter 13 case, an individual's debt cannot exceed certain statutorily fixed amounts. The Code provides:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, *noncontingent, liquidated, unsecured debts of less than $307,675 . . .* may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (emphasis added).

Because the debtor disputes the IRS assessments, he contends that the debt to the government is both contingent and unliquidated and therefore outside the operation of section 109(e).

---

[1] The assessments for years 2002 and 2004 are based upon returns filed by Tucker. In fact, for all years at issue here, Tucker filed a tax return using the "married filing separate" filing status.

2

If all events giving rise to the debtor's liability have occurred prior to the filing of the bankruptcy petition, a debt is noncontingent for purposes of § 109(e). *In re Knight*, 55 F.3d 231, 236 (7th Cir. 1995); *Loya v. Rapp (In re Loya)*, 123 B.R. 338, 340 (B.A.P. 9th Cir. 1991). In the case at bar, the IRS's claim is for tax years 2000, 2001, 2002, and 2004. All events giving rise to the debtor's liability for those years must have occurred prior to his bankruptcy on October 16, 2005. Therefore, the debt to the IRS is noncontingent for purposes of § 109(e).

The more difficult question is whether a debt which is disputed by the debtor is liquidated for purposes of § 109(e). In *United States v. Verdunn (In re Verdunn)*, 89 F.3d 799 (11th Cir. 1996) the Court of Appeals explained the term "liquidated debt" by stating:

> *Black's Law Dictionary* defines a liquidated debt as one where it is certain what is due and how much is due. *Black's Law Dictionary* 930 (6th ed. 1990). A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law. *Id.* Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability. *See In re McGovern*, 122 B.R. 712, 715 (Bankr. N.D. Ind. 1989); *see also C. McCormick, Handbook on the Law of Damages*, § 54 at 213 (1935). If the amount of the debt is dependent, however, upon a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated. *See 1 T. Sedgwick, Measure of Damages*, § 300 at 570 (9th ed. 1912).

*Id.* at 802 (footnotes omitted).

Although the concept of liquidated debt focuses upon the amount – not the existence – of liability, the amount and existence of liability are themselves related concepts. For example, if the amount of a debt is zero, then liability does not exist. The

3

relationship between these two concepts makes the analysis here somewhat circular.

Nevertheless, the court cannot distinguish the case at bar from *Verdunn.* "The fact that Verdunn contests the Commissioner's claim does not remove it as a claim under section 109(e) or render it unliquidated." *Verdunn*, 89 F.3d at 802 n.9. (citing *Knight*, 55 F.3d at 235 (holding that a disputed debt is included in the § 109(e) calculus); *In re Jordan*, 166 B.R. 201, 202 (Bankr. D. Me. 1994) (holding that a dispute either of the underlying liability or the amount of a debt does not automatically render a debt contingent or unliquidated); and *1 William I. Norton, Jr., Bankruptcy Law & Practice* § 18:12 (2d ed. 1994) (commenting that disputed debts are included in the calculation for eligibility purposes)).

Finally, the debtor contends that the debt is unliquidated because the amount of the tax debt is dependent upon the future exercise of discretion by this court in the associated adversary proceeding. He argues that because the amount of the debt is subject to this court's discretion, the debt is unliquidated. The court disagrees.

In the trial of the adversary proceeding, this court is not free to exercise its discretion in determining the amount of the debtor's tax liability. Instead, the court must apply specific criteria, that is, the Internal Revenue Code, to determine the amount owed. While it is true that the court will receive evidence at the trial of the adversary proceeding and is accorded a measure of discretion to evaluate the weight or credibility thereof, the court must determine the amount of tax due in light of specific criteria, not its discretion.

Conclusion

For the foregoing reasons the court concludes that the debtor's noncontingent, liquidated unsecured debts exceed the statutory limit for chapter 13 eligibility. Therefore, the IRS's motion to dismiss will

4

Case 05-34088   Doc 30   Filed 05/12/06   Entered 05/12/06 08:01:26   Desc Main
Document      Page 4 of 5

be granted, and a separate order will enter dismissing the debtor's chapter 13 case for want of jurisdiction.

Done this 11th day of May, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Von G. Memory, Attorney for Debtor
James T. Lyons, Attorney for United States
Patricia A. Conover, Attorney for United States
Curtis C. Reding, Trustee